■ A. SOLOMON MENTER, as Trustee of DONALD S. POTTER and Another Bankrupts, Appellant, v JOSEPH A. CICCI, Respondent.—Order unanimously affirmed, without costs. Memorandum: This is an appeal from an order at Special Term which denied plaintiff's motion for summary judgment. The amended complaint alleges that Donald and Jackson Potter were adjudicated bankrupt, that Donald Potter individually and doing business as Potter Estate Company was at all times hereinafter mentioned insolvent, that defendant made numerous loans to Donald Potter totaling approximately $185,000 during 1959–1962, that these loans together with interest totaling $7,137 were repaid by Donald Potter during the period of his insolvency, that such transfers were without fair consideration as defined in section 272 of the New York Debtor and Creditor Law, and that therefore they constituted fraudulent conveyances pursuant to section 273 of the Debtor and Creditor Law. The trustee seeks the return of $7,137 plus interest. The defendant's answer admitted the bankruptcy of the Potters, denied for lack of sufficient information the allegation that Potter was insolvent throughout the relevant period, and generally denied the remaining allegations of the complaint. The defendant Cicci admitted signing various notes for Donald Potter which Potter used to obtain loans from Merchants Bank. Cicci testified at an examination before trial that he kept no records of these transactions and that upon the bankruptcy of Donald Potter, he was liable to Merchants for $32,000 on the notes. In his answering affidavit to the motion for summary judgment, Cicci maintained that notes given to Donald Potter were for accommodation purposes and Potter

repaid the notes to the bank without payment of interest to him. Although defendant has not offered as detailed a factual presentation in opposition to the motion as we would prefer, we are not convinced that summary judgment is proper in this case and agree with the Special Term that a plenary trial is necessary. We reach this conclusion because it is not clear from the record before us that Cicci knew or had reason to know that Potter was insolvent during the relevant period and he is not bound by the finding of Potter's insolvency by the Federal courts in prior proceedings to which Cicci was not a party. Two of the alleged usurious transactions appear to be between Potter and Case Supply and Joseph Cicci, Inc., and not Cicci individually. Further, it was not established as a matter of law that Cicci received more than fair consideration as an accommodation maker of the notes. There are too many mixed questions of law and fact in this record to warrant the granting of summary judgment. (Appeal from order of Onondaga Supreme Court—Debtor and Creditor Law, art 10.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.